Daniel REYES, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–94–071–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 7, 1995.

Terry M. Casey, Casey & Colosi, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section; Tanya S. Dohoney and John Cope, Asst. District Attorneys, Ft. Worth, for appellee.

Before RICHARDS, J., and CHUCK MILLER and JOE L. DRAUGN, JJ., Sitting by Assignment.

## OPINION

RICHARDS, Justice.

Appellant, Daniel Reyes, Jr., appeals his conviction by a jury for the offense of aggravated possession of a controlled substance (cocaine) with the intent to deliver. The jury sentenced appellant to thirty years' confinement and a fine of $40,000, and answered a deadly weapon special issue submitted at the punishment stage in the affirmative.

In four points of error, appellant contends: (1) the trial court erred in failing to properly instruct the jurors on the meaning of the term "reasonable doubt;" (2) the evidence was insufficient to show appellant used or exhibited a deadly weapon in the commission of the offense; (3) the sentence assessed was unconstitutional because it was, in part, based on possession of a firearm; and (4) the trial court erred in failing to sustain defense counsel's objection to the prosecutor's comment on appellant's failure to testify.

We affirm.

In point of error one, appellant complains of the lack of an instruction on "reasonable doubt" as required by the court of criminal appeals in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). In applica-

ble part, *Geesa* requires that an instruction on reasonable doubt "shall be submitted to the jury in all criminal cases, even in the absence of an objection or request by the State or the defendant, whether the evidence be circumstantial or direct." *Id.* at 162.

Appellant admits no objection to the charge was lodged by defense counsel in the trial court, but correctly notes the above-cited language in *Geesa* requires the written instruction be given regardless of any request by defense counsel. The State agrees the charge should have been given and that the trial court's failure to include the instruction constituted error.

The only disagreement between the parties concerns the question of what proper harm analysis this court should employ.

■■ Appellant implies automatic reversal is required because the language in *Geesa*—"[the instruction] shall be submitted to the jury in all cases,"—is mandatory. The State, conversely, argues *Geesa* merely created an irrebuttable presumption against waiver, not a presumption of harm. Given this court's prior opinion in *Ahmadi v. State,* 864 S.W.2d 776, 779 (Tex.App.—Fort Worth 1993, no pet.), in which we held violation of *Geesa's* requirement did not require automatic reversal, we hold the error does not per se require reversal. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Crim.App.1994). We further rule that under either Tex.R.App.P. 81(b)(2) or *Almanza's*[1] unobjected-to error standard of review, which requires a finding of egregious harm before reversal is warranted, reversal is not required in this case. *Ahmadi,* 864 S.W.2d at 779.

The record reflects both sides referred to the burden of proof during final jury argument. Earlier, during jury voir dire, the term was defined for the jury and both parties discussed the concept. At one point, the trial judge advised the jurors the term would be defined in the court's charge. It appears, therefore, the trial court's failure to give the instruction occurred through sheer oversight, and that neither parties' voir dire, presentation of the evidence, or jury argument was restricted, much less harmed, by the lack of

the instruction. Point of error one is overruled.

In his second point of error, appellant contends the evidence was insufficient to show appellant used or exhibited a deadly weapon during the commission of the offense.

Appellant's specific complaint is that the evidence was insufficient to show he used the several firearms found on his premises to facilitate his possession of the cocaine. Appellant admits there was evidence a pistol was found in a drawer in the master bedroom, a sixteen-gauge shotgun was found in the master bedroom, and a twenty-gauge shotgun was found in a case leaning against a wall in the living room. Nevertheless, appellant argues that because the guns were unloaded, with ammunition located some distance from the guns, Fort Worth Police Officer M. Kennedy's testimony that the guns were strategically placed around the house to enable them to be retrieved quickly to protect the cocaine, was insufficient evidence on which to base the deadly weapon finding. We disagree.

■■ In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App. 1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (op. on reh'g). The phrase "used during the commission of a felony offense" refers not only to the wielding of a firearm with effect, but also to any employment of a deadly weapon, including simple possession, *if such possession facilitates the associated felony.* *Patterson v. State,* 769 S.W.2d 938, 941 (Tex.Crim.App. 1989) (emphasis added); *see also Gregg v. State,* 820 S.W.2d 191, 193 (Tex.App.—Fort Worth 1991, no pet.).

■■ The jury, as a rational trier of fact, could have accepted Officer Kennedy's testimony as true and found that appellant "used" the firearms to facilitate his care, custody,

---

1. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1985).

and management of the contraband. *See Patterson,* 769 S.W.2d at 942.

In point of error three, appellant complains his rights under article I, section 23, of the Texas Constitution were violated when he was subjected to what he contends was "more severe punishment simply because he possessed firearms." We disagree.

Article I, Section 23, provides:

Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime.

TEX. CONST. art. I, § 23.

 Viewed in the light most favorable to the verdict, the testimony showed the weapons in appellant's house were used to facilitate his possession of cocaine, a criminal offense. Article I, Section 23, does not prevent the legislature from prohibiting the possession of arms with the intent to prevent crime. *Morrison v. State,* 170 Tex.Crim. 218, 339 S.W.2d 529, 532 (1960). Appellant's instant complaint is premised on the proposition that he possessed the weapons with no intent that they be used to protect his cache of cocaine, i.e., that his possession of the weapon was not used to facilitate the felony offense charged. Given that in the preceding point of error we resolved that issue against appellant, his present premise is invalid. Here, the right to bear arms was not preempted. Rather, the legislature properly provided for increased incarceration where a deadly weapon is used to facilitate a felony offense. Point of error three is overruled.

 In his final point of error, appellant alleges the trial court improperly overruled defense counsel's objection to an instance where the prosecutor commented on his failure to testify.

[PROSECUTOR]: How many lives do you think this person ruins? It makes sense it would be more than this person. Any argument that this person was going to go [sic] was only because more lives were going to be saved here. And remember this. Rehabilitation starts when you're ready to say I did wrong. I'm sorry. Let me help, and he wasn't—

[DEFENSE COUNSEL]: Your Honor, I'm going to object to him testifying and implicating anything—insinuating anything to this jury about his failure to testify in this case. They're not to consider that, and that's just what he is talking about. He's saying he didn't get up and—

THE COURT: I'll overrule the objection.

The prosecutor's comment, when viewed in the context of the testimony and prior jury arguments, provides a good example of an argument susceptible to several different interpretations, only one of which would constitute an improper comment on appellant's failure to testify.

During the guilt/innocence stage of the trial, defense counsel introduced evidence that police authorities had offered to make a positive recommendation to the prosecution if appellant would assist in making a case against Salvador Nava, a fish somewhat higher than appellant in the food chain. There was substantial testimony before the jury on this matter.

In defense counsel's closing remarks during the punishment stage, counsel argued probation was appropriate because, based on the above evidence, it was clear law enforcement authorities did not believe appellant was a threat to society, given their effort to offer him more lenient treatment in exchange for his assistance in making a case against someone else. The prosecutor was apparently responding to defense counsel's argument at the time he made the "I'm sorry. Let me help" argument. We note that following defense counsel's objection, the prosecutor continued by stating, "That's why Nava isn't in jail. Because no one came forward and said I'll help."

 Because the jurors could have understood the argument as a reference to appellant's evidence regarding the proposed "deal," it cannot be said the jurors would naturally and necessarily have understood it to be a comment on appellant's failure to testify. Where a comment leads to two plausible inferences, an appellate court cannot

reverse. *See Henson v. State,* 683 S.W.2d 702, 705 (Tex.Crim.App.1984). Appellant's final point of error is overruled.

We affirm the trial court's judgment.