**Daniel REYES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1213–95.

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1996.

Terry M. Casey, Fort Worth, for appellant.

Tanya S. Dohoney, Asst. Dist, Atty., Fort Worth, Matthew Paul, Asst. State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of possession of cocaine with intent to deliver and sentenced to thirty years confinement and a fine of $40,000.00. The Court of Appeals affirmed. *Reyes v. State,* 906 S.W.2d 256 (Tex.App.— Fort Worth 1995). We granted appellant's petition for discretionary review to determine whether a harm analysis is appropriate when the trial judge fails to instruct the jury on reasonable doubt as required by *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991). We will reverse.[1]

### I.

The trial judge failed to instruct the jury on reasonable doubt at the guilt/innocence phase of the trial. Appellant contends he is entitled to a new trial under *Geesa.* The State concedes the trial judge erred but contends the error was harmless. The courts of appeals have considered this matter on at least four occasions.[2] Because those decisions are in conflict, we take this opportunity to resolve the matter. Tex.R.App.P. 200(a)(1).

### II.

Prior to *Geesa,* we employed the "reasonable-hypothesis-of-innocence" analytical construct to review the sufficiency of evidence in circumstantial evidence cases.[3] In *Geesa,* the State contended the analytical construct conflicted with the command of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Specifically, the State argued the construct distorted the meaning of "proof beyond a reasonable doubt," and continued the distinction between direct and circumstantial evidence which we disavowed in *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr. App.1981). *Geesa,* 820 S.W.2d at 155. We accepted the State's argument and expressly rejected use of the analytical construct as a method of appellate review for evidentiary sufficiency. *Id.,* 820 S.W.2d at 161. But, the opinion did not end there.

The Court continued by noting that *Hankins* was based upon the Supreme Court's opinion, *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), which also held that a jury instruction on circumstantial evidence was not constitutionally required. However, *Geesa* recognized that both *Holland v. United States* and *Jackson v. Virginia* "implicated the requirement of a full definitional instruction to the jury on reasonable doubt." *Geesa,* 820 S.W.2d at 161. Therefore, after setting forth a definitional jury instruction on "reasonable doubt," [4] we stated:

---

**1.** We also granted review of appellant's second ground. However, in light of our disposition of the first ground for review, the second ground is dismissed as moot.

**2.** In a fifth case, The First Court of Appeals in *Boozer v. State,* 848 S.W.2d 368 (Tex.App.— Houston [1st Dist.] 1993), dealt with an incomplete *Geesa* instruction where there was no objection. The defendant contended the incomplete instruction established an irrebuttable presumption of harm. The Court disagreed, holding *Geesa's* requirement that the reasonable doubt instruction be given in all cases even without objection or request, "to mean that omitting the instruction will always be considered *properly preserved* error, and will therefore require reversal if there is *any* harm to the accused." *Boozer,* 848 S.W.2d at 369 (emphasis in original). In other words, the error in failing to give the *Geesa* instruction is always preserved but the error is subject to a harm analysis. *Ibid.* The *Boozer* Court found no harm and affirmed.

**3.** The analytical construct required the appellate court to find that every other reasonable hypothesis raised by the evidence was negated, save and except that establishing the guilt of the defendant, if the conviction was to be affirmed in a circumstantial evidence case. *Geesa,* 820 S.W.2d at 158.

**4.** That definition provides:

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty".

*Geesa,* 820 S.W.2d at 162.

We expressly adopt this instruction on "reasonable doubt" and hold that this instruction *shall* be submitted to the jury in *all* criminal cases, *even in the absence of an objection or request* by the State or the defendant, whether the evidence be circumstantial or direct.[5]

*Id.,* 820 S.W.2d at 162. Finally, we held application of the new rules announced had "limited prospectivity" in that the rules were limited to *Geesa,* and all cases tried thereafter. *Id.,* 820 S.W.2d at 165.

Therefore, at the State's request, the Court abrogated the "reasonable-hypothesis-of-innocence" analytical construct and, in so doing, rejected more than one hundred years of established precedent. *See, Elizabeth v. State,* 27 Tex. 329 (1863).[6] However, the abrogation of the analytical construct required the adoption of an instruction on reasonable doubt.

### III.

On direct appeal, appellant contended the absence of the reasonable doubt instruction required automatic reversal because of the language in *Geesa. Reyes,* 906 S.W.2d at 258. The Second Court of Appeals acknowledged the error but, relying upon its opinion in *Ahmadi v. State,* 864 S.W.2d 776 (Tex. App.—Fort Worth 1993), rejected appellant's contention that the error required automatic reversal. *Reyes,* 906 S.W.2d at 258. Instead, the Court held the error was subject to a harm analysis. The Court then found the error harmless under either Tex. R.App.P. 81(b)(2) or *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984). *Ibid.*

However, in *Kieschnick v. State,* 911 S.W.2d 156, 161 (Tex.App.—Waco 1995) (op'n on reh'g), the Tenth Court of Appeals took a decidedly different tact. The jury charge did not contain the reasonable doubt instruction mandated by *Geesa.* Moreover, Kieschnik did not object to the omission at trial nor did he raise the issue on appeal. *Id.,* 911 S.W.2d

at 162. Nevertheless, the Court of Appeals, on its own motion, considered the omission of the reasonable doubt instruction in light of *Marin v. State,* 851 S.W.2d 275, 279–280 (Tex.Cr.App.1993). *Marin* recognized three types of rules in our legal system: 1) absolute requirements and prohibitions which cannot be waived or forfeited; 2) rights which must be implemented unless affirmatively waived; and, 3) rights which are implemented only upon request and can be forfeited by a failure to invoke them. *See also, Powell v. State,* 897 S.W.2d 307, 316 (Tex.Cr. App.1994); *and, Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Cr.App.1993). The Court of Appeals held:

> The Court's choice of language in *Geesa* mandating the reasonable-doubt instruction precludes the possibility that it is a right to be implemented only on request. That means the right to the instruction is either (a) an absolute right or (b) a right that must be implemented unless expressly waived.
>
> We believe that, although such rights are "relatively few," the [*Geesa*] Court intended to create an absolute systemic requirement that every charge, when the burden of proof required the jury to find guilt beyond a reasonable doubt, contain the definitional instruction on reasonable doubt.

*Kieschnick,* 911 S.W.2d at 162 (citations omitted). Because the failure to instruct the jury on reasonable doubt violated an absolute systemic requirement, the Court of Appeals held no harm analysis was required. *Id.,* 911 S.W.2d at 163. *See also, Lohmuller v. State,* 921 S.W.2d 457, 462 (Tex.App.—Waco 1996) ("The right to a definitional instruction on reasonable doubt is an absolute right which [the appellate court] must implement.").

### IV.

We agree with the Tenth Court of Appeals' treatment of this issue. Our holding in *Gee-*

---

**5.** All emphasis is supplied unless otherwise indicated.

**6.** In *Geesa,* we stated:
... The rule of this case, however, of adhering to the minimal standard of review enunciated

in *Jackson v. Virginia,* was instituted on petition by the State, not at the defendant's request.
*Geesa,* 820 S.W.2d at 165.

sa, namely that the reasonable doubt instruction "*shall* be submitted to the jury in *all* criminal cases, *even in the absence of an objection or request* by the State or the defendant, whether the evidence be circumstantial or direct," created an absolute systemic requirement that cannot be waived or forfeited.[7] Such requirements are not subject to a harm analysis.[8] *See, Powell,* 897 S.W.2d at 314–318, *Stine v. State,* 908 S.W.2d 429, 431 (Tex.Cr.App.1995); *and, Sodipo v. State,* 815 S.W.2d 551, 554 (Tex.Cr.App.1990). And we did not engage in a harm analysis in *Geesa.*[9]

Our holding in *Geesa,* which the State requested, was reached only after a great deal of time and careful deliberation. The holding is clear and unambiguous and we will not undermine it today. To that end, we hold *Geesa* created an absolute systemic require-

ment that an instruction on reasonable doubt be submitted to the jury in all cases where the burden of proof requires the jury to find guilt beyond a reasonable doubt and the failure to submit such an instruction is automatic reversible error.[10] Accordingly, the judgments of the Court of Appeals and the trial court are reversed and the case is remanded to the trial court.[11]

MEYERS, Judge, concurring.

The majority characterizes the submission of a reasonable doubt instruction as a systemic requirement that can neither be forfeited nor waived. Thus, the implementation of this requirement "cannot be avoided even with partisan consent" and, by necessary implication, a case in which both parties requested that the reasonable doubt instruction not be given must be reversed on appeal.

---

7. Specifically, the new rules announced in *Geesa* were to implement the constitutional requirement that a criminal conviction cannot stand "except upon proof beyond a reasonable doubt." *Id.,* 820 S.W.2d at 163 (citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). This requirement is obviously "considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Marin v. State,* 851 S.W.2d 275, 278 (Tex.Cr.App.1993).

8. The State contends such a holding will conflict with our holding in *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Cr.App.1994). We disagree because *Abdnor* dealt with *requested* jury instructions. In *Geesa* we expressly held the reasonable doubt instruction was required "even in the absence of an objection or request." *Id.,* 820 S.W.2d at 162.

9. In *Geesa,* we stated:
   ... Ordinarily, we would remand this cause to that court for reconsideration in light of our holding that circumstantial cases are to be analyzed solely under the standard of *Jackson v. Virginia.* However, because the jury was not instructed in accordance with the second part of our holding today, requiring a full definitional instruction on reasonable doubt, we must remand the cause to the trial court for a new trial.
   *Geesa,* 820 S.W.2d at 154.

10. The State argues that absolute systemic requirements cannot be judicially created but rather can be created only by the Legislature, *see Marin, supra,* or by the Constitution, *see Stine, supra.* We disagree. As the Tenth Court of Appeals correctly noted, the *Geesa* Court intended to create an absolute systemic requirement

that every charge, where the burden of proof required the jury to find guilt beyond a reasonable doubt, contain the definitional instruction on reasonable doubt. *Kieschnick,* 911 S.W.2d at 162. We know of no prohibition of this Court from creating such a right and had there been such a prohibition we could not have ruled as the State requested in *Geesa.* Moreover, if the charge on reasonable doubt were not an absolute systemic requirement and trial judges were permitted to *not* charge the jury on reasonable doubt, our holding in *Geesa* would be seriously undermined and, in those circumstantial evidence cases where no reasonable doubt instruction was given, appellate courts would be back to "square one," i.e., employing the "reasonable-hypothesis-of-innocence" analytical construct which erroneously continued the distinction between direct and circumstantial cases. *Geesa,* 820 S.W.2d at 165.

   Finally, this case is not controlled by *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984)(Op'n on Reh'g), as the dissent suggests. *Post* 938 S.W.2d at 723–724. In *Almanza,* we interpreted Tex.Code Crim.Proc. art. 36.19. *Id.,* 686 S.W.2d at 160. But, our holding in *Geesa* was not mandated by statute. Therefore, neither art. 36.19 nor *Almanza* was implicated by *Geesa.*

11. The cases cited in part III *supra* reflect a casual attitude by some trial judges toward our express holding in *Geesa.* We cannot accept that the required instruction represents much of a burden on the trial judges of Texas. Therefore, remanding this case to the trial court for compliance with *Geesa* is not unjustified. *See, Morales v. State,* 872 S.W.2d 753, 756 (Tex.Cr.App.1994) (Clinton, Overstreet, Maloney and Meyers, JJ., concurring).

*Marin v. State,* 851 S.W.2d 275 (Tex.Crim. App.1993). Although somewhat troubling, this result cannot be avoided after our unequivocal language in *Geesa v. State,* 820 S.W.2d 154, 155(Tex.Crim.App.1991). Such a result may, however, compel a majority of this Court to reexamine *Geesa* in the future and, were that to happen, I might very well join them in that endeavor.

With these remarks, I join the majority's opinion.

MANSFIELD, Judge, dissenting.

Because I do not agree that failure to instruct the jury on reasonable doubt as required by this Court in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991) is reversible error *per se,* I must respectfully dissent to the holding of the majority.

After the police, pursuant to a search warrant, seized over 360 grams of cocaine from his residence, appellant was charged with aggravated possession with intent to distribute cocaine. A jury subsequently convicted appellant of this charge and sentenced him to thirty years in state prison and assessed a fine of $40,000. The jury also found appellant used or exhibited a deadly weapon during the commission of the offense and an affirmative finding was included in the judgment of conviction. Appellant's conviction was affirmed by the Second Court of Appeals. *Reyes v. State,* 906 S.W.2d 256 (Tex. App.—Fort Worth 1995).

This Court granted appellant's petition for discretionary review to consider the following two grounds:

1. Did the court of appeals err in ruling the trial court did not commit reversible error by failing to instruct the jury on reasonable doubt as required by this Court in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991)?

2. Did the court of appeals err in holding the evidence was sufficient to show appellant used or exhibited a deadly weapon with intent to deliver cocaine?

The courts of appeals of this State that have had an opportunity to address the issue raised by appellant's first ground have reached conflicting conclusions. The Second Court of Appeals rejected, in the present case, appellant's contention that failure to give the *Geesa* instruction on reasonable doubt required automatic reversal, relying on its opinion in *Ahmadi v. State,* 864 S.W.2d 776 (Tex.App.—Ft.Worth 1993) (pet. refused April 24, 1994).

In *Ahmadi,* the trial court's instruction on reasonable doubt lacked the following clause of the *Geesa* definition: "[U]nless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case." While acknowledging this omission was undoubtedly error, the court of appeals, given the absence of an objection by Ahmadi, held, citing Tex.R.App.Proc. 81(b)(2), the error was not harmful and made no contribution to the conviction or punishment. The court, accordingly, rejected Ahmadi's contention the error required automatic reversal. *Ahmadi, supra,* at 779. In the present case, the court of appeals found the failure to give the *Geesa* instruction to be harmless error under Rule 81(b)(2), as well as not egregious error under *Almanza. Reyes, supra,* at 258.

The First Court of Appeals considered the exact same error that occurred in *Ahmadi,* i.e., an instruction lacking the clause described above, where there was no objection by the defendant, in *Boozer v. State,* 848 S.W.2d 368 (Tex.App.—Houston [1st Dist.] 1993). The court found the error was harmless and, in fact, was beneficial to appellant. *Boozer, supra,* at 369. In other words, failure to give the *Geesa* instruction (or, presumably, giving an incomplete *Geesa* instruction) is error that is always preserved but that is subject to a harm analysis.

The Waco Court of Appeals, in *Kieschnick v. State,* 911 S.W.2d 156 (Tex.App.—Waco 1995) (op. on reh'g.), held that failure to give the *Geesa* instruction (the jury charge in this case totally omitted the *Geesa* instruction) was automatic reversible error, even in the absence of any objection by the appellant. Relying on *Marin v. State,* 851 S.W.2d 275, 279–280 (Tex.Crim.App.1993), the court of appeals held the right to the *Geesa* instruction on reasonable doubt is an absolute, systemic right not subject to waiver; therefore, every charge must contain it. Citing *Stine v.*

*State,* 908 S.W.2d 429, 430 (Tex.Crim.App. 1995), the court held that error—failure to give the *Geesa* instruction—was not subject to a harm analysis, and, therefore, reversal was mandated. *Kieschnick, supra,* at 163, 164.

The record, which is not disputed by the parties, demonstrates the trial court failed to give the *Geesa* instruction on reasonable doubt. Appellant did not object to this failure and, as neither party called this matter to the attention of the trial court, it appears the trial court simply forgot to give the instruction. Jury charge error, whether due to an erroneous or incomplete charge, is generally examined in light of the standards set forth in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (op. on rehearing).

Initially, it should be noted appellant's assertion that an erroneous or incomplete jury charge is error requiring automatic reversal is not correct. In *Abdnor v. State,* 871 S.W.2d 726 (Tex.Crim.App.1994), we held:

An erroneous or incomplete jury charge, however, does not result in automatic reversal of a conviction. Tex.Code Crim. Proc. Art. 36.19 prescribes the manner of appellate review for jury charge error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). When reviewing charge errors, an appellate court must undertake a two-step review: first, the court must determine whether error actually exists in the charge; and second, the court must determine whether sufficient harm resulted from the error to require reversal. *Id.* See also, *Gibson v. State,* 726 S.W.2d 129, 132 (Tex.Crim.App.1987). The standard to determine whether sufficient harm resulted from the charging error to re-

quire reversal depends upon whether appellant objected. Where there has been a timely objection made at trial, an appellate court will search only for "some harm." By contrast, where the error is urged for the first time on appeal, a reviewing court will search for "egregious harm." *Almanza, supra* at 171; *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986).

*Abdnor, supra,* at 732.

It is evident to me that failure to include the *Geesa* instruction in the jury charge is "charging error." Charging error is reviewed according to the standards established by this Court in *Almanza* and by the Legislature in Tex.Code Crim.Proc. Art. 36.19.[1] As the requirement to give the *Geesa* charge is not specifically based on statute, *Almanza* provides the appropriate standard of review.

Under *Almanza,* where no objection to the charge was made, as in the present case, reversal is not appropriate unless the error claimed is so egregious as to have denied appellant a fair and impartial trial. *Almanza, supra,* at 172; *Arline, supra,* at 351–352. The degree of harmfulness of a charging error is determined by reviewing the entire record. *Arline, supra,* at 352. The record demonstrates that during final argument both parties referred to the State's burden of proof as beyond a reasonable doubt. During both voir dire and final argument, the State told venirepersons and jurors that a "reasonable doubt" is one that would cause a reasonable person to hesitate to act. This definition has met the approval of the Supreme Court, *Victor v. Nebraska,* 511 U.S. at 20, 114 S.Ct. at 1250, and closely tracks the

1. Appellant does not allege failure to give the *Geesa* instruction implicated any rights under the federal constitution; therefore, the harmless error analysis under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) is not applicable to the present case. Additionally, the Supreme Court recently held the U.S. Constitution does *not* require state courts to give a jury instruction as to the definition of reasonable doubt. *Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). Furthermore, Tex.Rule App.Proc. 81(b)(2) is not applicable to charging error as the Legislature enacted Article 36.19 prescribing the standard of review to be used with respect to charge errors

that violate Articles 36.14 through 36.18, and *Almanza* prescribes the standard of review with respect to "non-statutory" charge errors. Finally, we do not agree that failure to give the *Geesa* instruction in the absence of any objection by the accused violates a constitutional or statutory mandate or other absolute systemic requirement, as contemplated in *Marin, supra,* at 279, so as to constitute automatic reversible error. This is not to minimize, however, the importance of giving the *Geesa* instruction: if a timely objection was made at trial to the failure to give it, I would hold that failure would constitute reversible error.

definition of "reasonable doubt" established by this Court in *Geesa*: "A reasonable doubt is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs." *Geesa, supra,* at 162. Thus, while the jury did not receive the written *Geesa* instruction on reasonable doubt, it was correctly informed of same as well as the State's burden of proof by both the State and counsel for appellant. Given this, there simply is no evidence that the error was calculated to injure appellant, much less deprive him of a fair and impartial trial.

An examination of the jury charge also shows the jury was instructed correctly as to the State's burden of proof, even in the absence of the *Geesa* instruction on reasonable doubt. The charge contains language that permitted the jury to convict appellant only if it found he committed all of the elements of the offense beyond a reasonable doubt. There is nothing in the record to indicate the jury did not understand the concepts of "reasonable doubt" or "burden of proof." Furthermore, the application paragraphs instructed the jury that "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.... In case you have a reasonable doubt as to the defendant's guilt after considering all of the evidence before you, and these instructions, you will acquit him." These application paragraphs did not mislead the jury so as to deny appellant a fair and impartial trial.

Accordingly, I would hold that failure to give the *Geesa* instruction on burden of proof

and reasonable doubt constitutes "charge error" that, on appeal, is to be reviewed in light of the standards set forth by this Court in *Almanza, supra.* In the instant case, failure to give the *Geesa* instruction, while error, did not, in light of the charge given, cause "egregious harm" to appellant and did not deprive him of a fair and impartial trial. Accordingly, I would overrule appellant's first ground for review and affirm the court of appeals' disposition of this ground.[2, 3]

KELLER, Judge, dissenting.

I join Judge Mansfield's dissenting opinion and add the following:

First, the majority equates non-waivable error with automatic reversible error. The two are not synonymous in spite of *Powell, Stine,* and *Sodipo.*[1] The majority admits that in *Geesa* this Court "created" what it here calls an absolute systemic right, and finds no prohibition against mandating reversal for the neglect of that right. Perhaps there is no prohibition, but it is my opinion that this Court should neither create rights nor declare that our creations are immune from a harm analysis.

Moreover, this is a direct evidence case. Thus, the jury charge that was given is the same as would have been given before *Geesa.* There cannot be harm in giving the very instruction that was given for years in every direct evidence case tried before *Geesa.*

I respectfully dissent.

McCORMICK, P.J., and WHITE, J., join.

**2.** Compare the instant case to *Powell v. State,* 897 S.W.2d 307, 316, 317 (Tex.Crim.App.1994). In *Powell,* appellant requested and received, at the punishment phase, instructions as to the special issues that omitted the statutorily-required "deliberateness" special issue under Art. 37.071 as in effect for offenses committed prior to September 1, 1991. We held that the effective dates of statutes are absolute requirements, nonwaivable, and nonforfeitable; criminal defendants may not in Texas legislate the law to be applied in their case. *Powell, supra,* at 317, and reversed appellant's death sentence. In *Powell,* the *wrong* law was intentionally applied, whereas in the

present case, a non-statutorily-mandated jury instruction was inadvertently omitted and there is nothing in the record below that either party requested said omission.

**3.** The majority's disposition of appellant's first ground for review obviates the necessity of addressing his second ground for review as it has been effectively mooted.

**1.** We could have, but did not, hold in *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993), that such errors were *never* subject to harmless error analyses.