Marshall Galindo MARTINEZ, Appellant,

v.

The STATE of Texas, State.

No. 2–97–396–CR.

Court of Appeals of Texas,
Fort Worth.

May 7, 1998.

Rehearing Overruled June 18, 1998.

Carl Barnhart, Weatherford, for Appellant.

Donald Schnebly, District Attorney, Edward D. Lewallen, Assistant District Attorney, Weatherford, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

### I. BACKGROUND

Appellant pleaded guilty to possession of more than five pounds and less than fifty pounds of marijuana, but pleaded not true to the enhancement paragraph in the indictment and elected to try his punishment to a jury. If true, the enhancement paragraph raised Appellant's possible punishment range from a third degree felony to a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp.1998). The jury found the enhancement allegation to be true and sentenced Appellant to 15 years' incarceration and a fine of $10,000.

The charge instructed the jury to determine whether the enhancement allegation

was true beyond a reasonable doubt. However, the charge did not contain a definitional instruction on "reasonable doubt." In his sole issue, Appellant contends that this omission constitutes reversible error, even though he failed to request the instruction or object to its omission. We agree and will reverse.

## II. "REASONABLE DOUBT" INSTRUCTION

Appellant and the State agree that this issue is one of first impression in this court and the State. Our independent research rendered the same result. Appellant contends that he is entitled to reversal under *Geesa* and *Reyes*. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991); *Reyes v. State*, 938 S.W.2d 718 (Tex.Crim.App.1996). The State responds that although due process may have warranted the instruction, it was not mandated by *Geesa* and *Reyes* because they dealt only with the guilt-innocence phase of trial.

### A. *GEESA* AND *REYES*

■ In *Geesa*, the Court of Criminal Appeals acted to protect a defendant's presumption of innocence by mandating an instruction in the jury charge on guilt that explained the State's burden of proof and defining "beyond a reasonable doubt." *See Geesa*, 820 S.W.2d at 161–62. The court held that the instruction "shall be submitted … in all criminal cases, even in the absence of an objection or request by the State or the defendant. …" *Id.* at 162.

The courts of appeals differed in their application of *Geesa's* mandate, treating violations of it alternatively as automatic reversible error and as requiring a harmless error analysis. *See Reyes v. State*, 906 S.W.2d 256, 258 (Tex.App.—Fort Worth 1995), *rev'd*, 938 S.W.2d 718, 720–21 (Tex.Crim.App.1996); *Kieschnick v. State*, 911 S.W.2d 156, 161 (Tex.App.—Waco 1995 no pet.) (op. on reh'g); *Ahmadi v. State*, 864 S.W.2d 776, 779 (Tex.App.—Fort Worth 1993 pet. ref'd). In 1996, the Court of Criminal Appeals addressed the split of authority by mandating that failure to provide the *Geesa* instruction is automatic reversible error. *See Reyes*, 938 S.W.2d at 721. Therefore, if *Geesa* applies to the case at bar, we must reverse and remand.

### B. APPLICATION TO ENHANCEMENT CHARGE

The State presents a detailed history of *Geesa* and its progeny in arguing vigorously that *Geesa* and *Reyes* do not apply to the punishment phase of trial at all because those cases were decided based on the guilt-innocence phase. However, this case presents a troubling situation. Because Appellant pled guilty to the charged offense, there was no guilt-innocence phase of trial. But because he pled not true to the enhancement allegations, a jury was seated to decide first whether the enhancement allegation was true beyond a reasonable doubt and then the extent of his punishment. The Court of Criminal Appeals has long recognized the importance of the presumption of innocence when trying enhancements:

> Thus, the punishment hearing to decide the punishment of an alleged habitual offender not only resembles in all relevant respects a trial on the issue of guilt, it is itself a trial, with the trier of facts judging the issues by the standard of 'beyond a reasonable doubt.' It therefore has all the hallmarks of a trial on guilt or innocence.

*Ex parte Augusta*, 639 S.W.2d 481, 484–85 (Tex.Crim.App.1982) (citations omitted). Without the benefit of the standard instruction on reasonable doubt, the jury faced the same uncertainty of what that burden meant that prompted the *Geesa* decision.

■ When a defendant pleads not true to enhancement allegations, the State must prove that the defendant is the same as the defendant actually convicted in the prior conviction, and it must prove the sequence of convictions, if applicable, beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 12.42(a)(3); *Acosta v. State*, 650 S.W.2d 827, 829–30 (Tex.Crim.App.1983) (Onion, P.J., concurring); *Augusta*, 639 S.W.2d at 484; *Williams v. State*, 899 S.W.2d 13, 14 (Tex.App.—San Antonio 1995, no pet.). Enhancement can make a substantial difference in a defendant's punishment. In this case, the difference was to authorize 10 additional years' incarceration over that allowed for the offense to which Appellant pleaded guilty. We believe *Geesa* and *Reyes* mandate that Appellant was entitled to the instruction and

that he is entitled to a retrial of his punishment phase because it was not given.

The State argues that entitlement to the instruction, if it exists, is waivable at the punishment phase and cites *Mitchell v. State,* 931 S.W.2d 950 (Tex.Crim.App.1996). *Mitchell* is distinguishable from this case. In *Mitchell,* the issue was whether the judge or the jury is to determine whether the State has proved at the punishment phase that the extraneous offenses it seeks to admit against a defendant were committed by that defendant. *See id.* at 954. The defendant had requested, and the trial court denied, an instruction at his punishment hearing to inform the jury that it could only use the extraneous offenses against him if it found that he had committed them beyond a reasonable doubt. *See id.* at 952. The State points out that, after finding error in denying the instruction, the court remanded the case to the court of appeals to conduct a harm analysis. *See id.* at 954.

*Mitchell* does not affect our decision. First, enhancement allegations can potentially change the range and increase the amount of permissible punishment, while extraneous offense evidence only influences the appropriate amount within the same range of punishment. In this case, the range for Appellant's offense was 2–10 years, while the range including the enhancements was 2–20 years; the jury sentenced Appellant to 15 years. Thus, in this situation, we believe that a plea of not true to enhancement allegations warrants the same treatment as a plea of not guilty. Second, the *Mitchell* court never mentioned *Geesa* or *Reyes.* And finally, if *Geesa* controls this case as we hold that it does, then *Reyes* must also apply. In other words, if Appellant is entitled to the instruction under *Geesa,* then *Reyes* must also entitle him to a reversal if the trial court fails to give the instruction.

We sustain Appellant's point one.

### III. CONCLUSION

■ We hold that a defendant who pleads guilty to the charged offense, but pleads not true to enhancement allegations, and tries those enhancements to a jury is entitled to a *Geesa* instruction on reasonable doubt and

that failure to give the instruction is reversible error. Because the instruction was not given in this case, we sustain Appellant's sole point and we reverse and remand for a new trial on punishment.

CAYCE, C.J., filed a dissenting opinion.

CAYCE, Chief Justice, dissenting.

I respectfully dissent from the majority's unprecedented conclusion that the failure to include a definition of "reasonable doubt" in a *punishment charge* containing enhancement allegations is fundamental error. The majority's holding erroneously elevates the trial of a punishment enhancement paragraph to the same constitutional level as a trial on guilt-innocence, and conflicts with the rationale and holding of the court of criminal appeals in a similar case.

The majority relies on the erroneous premise that proving the allegations of an enhancement paragraph beyond a reasonable doubt is comparable to proving guilt beyond a reasonable doubt. It plainly is not. While the burden of proof for both allegations is the same—reasonable doubt—all similarities end there. The sole function of an enhancement paragraph is to increase the range of punishment for repeat offenders by elevating the degree of the offense. *See* TEX. PENAL CODE ANN. § 12.42 (Vernon 1994 & Supp.1998); *Littles v. State,* 726 S.W.2d 26, 28 (Tex.Crim. App.1984). To prove an enhancement allegation, the State must only prove beyond a reasonable doubt that it is "true" that the defendant has been *convicted* of the prior offense. *See Ex parte Augusta,* 639 S.W.2d 481, 484 (Tex.Crim.App.1982). It does *not,* as the majority seems to imply, require the jury to find that a defendant is "guilty" beyond a reasonable doubt of the prior offense supporting the conviction. This is a fundamental distinction that the majority apparently fails to recognize when it relies on cases that apply exclusively to the jury's determination of guilt. *See Martinez v. State,* 969 S.W.2d 139, 140 (Tex.App.—Fort Worth 1998, no pet.).

I believe enhancement instructions should be treated in the same manner that the court

of criminal appeals has mandated that we treat extraneous offense instructions.[1] In *Mitchell v. State*, 931 S.W.2d 950 (Tex.Crim. App.1996), the court addressed extraneous offenses which, like enhancement paragraphs, may enhance punishment if proven beyond a reasonable doubt. The court held that a defendant is entitled to a definition of reasonable doubt in an extraneous offense instruction, *if the defendant requests the instruction. See id.* at 954; *see also Posey v. State*, 966 S.W.2d 57, 60–61 (Tex.Crim.App. 1998) ("[A] defendant must object to the charge before he may be heard to complain on appeal about 'errors claimed to have been committed in the charge'. . . ."). Importantly, however, the court did *not* hold, as it has in cases involving guilt innocence charges, that the definition was an absolute systemic requirement. *Compare Mitchell*, 931 S.W.2d at 954 *with Reyes v. State*, 938 S.W.2d 718 (Tex.Crim.App.1996), *and Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Instead, the court reasoned that, even if the definition is requested in the punishment phase in connection with an extraneous offense allegation and is improperly refused by the trial court, the refusal to submit the definition is subject to a harm analysis. *See Mitchell*, 931 S.W.2d at 954. Therefore, *Mitchell* stands for the proposition that it is not fundamental error to exclude a definition of reasonable doubt in a punishment phase charge that instructs the jury to find the existence of prior (or extraneous) offenses (or convictions) beyond a reasonable doubt.[2] The majority offers no compelling reason for adopting a contrary rule to govern the exclusion of a reasonable doubt definition in an enhancement instruction.

In sum, a punishment phase charge containing extraneous offense allegations is analogous to a charge containing an enhancement allegation: they both require the jury to find the existence of another offense or conviction beyond a reasonable doubt, and they both have the purpose of enhancing punishment.

1. The majority contends that *Mitchell* is "entirely distinguishable" from the present case. I strongly disagree. In fact, *Mitchell* is closer to the present case than the *Reyes* decision on which the majority relies.

2. Although the court decided *Mitchell* shortly before *Reyes*, *Mitchell* remains good law and

The court of criminal appeals has held that the submission of a reasonable doubt definition in an extraneous offense instruction must be given only if requested, and that the omission of the definition is subject to a harm analysis. *See id.* I would apply the same rule to the submission of a reasonable doubt definition in an enhancement instruction, and hold that the appellant in this case waived his right to complain of the omission of the definition by failing to request it. *See Posey*, 966 S.W.2d at 60–61.

continues to be applied by this and other appellate courts. *See Tow v. State*, 953 S.W.2d 546, 548 (Tex.App.—Fort Worth 1997, no pet.); *Cormier v. State*, 955 S.W.2d 161, 163 (Tex.App.— Austin 1997, no pet.); *Splawn v. State*, 949 S.W.2d 867, 873 (Tex.App.—Dallas 1997, no pet.).