**Oscar P. TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00211–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 14, 1999.

Decided Sept. 15, 1999.

John C. Bennett, Texas Department of Criminal Justice, State Counsel of Offenders, Huntsville, for appellant.

1. Tex. Pen.Code Ann. § 22.01(a)(1) (Vernon 1994), § 22.01(b)(1) (Vernon Supp.1999).

James H. Elliott, Bowie County Asst. Dist. Atty., Nicole Habersang, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Oscar Torres appeals from his conviction for the offense of assault on a public servant resulting in bodily injury, a third degree felony.[1] A jury found him guilty and, after finding allegations of two enhancements to be true, assessed his punishment at life imprisonment.

On appeal, Torres contends that the trial court erred by depriving him of his constitutional right to properly voir dire the jury so that he could intelligently exercise his peremptory strikes,[2] by overruling his objections to improper prosecutorial argument, and by failing to define reasonable doubt in the charge to the jury on punishment.

The evidence shows that on April 14, 1997, Virgil Gibson, a correctional officer, approached the cell of inmate Oscar Torres at the administrative segregation section of the Barry Telford Unit of the Texas Department of Corrections to ask Torres if he wanted to take a shower. Torres did not respond. Gibson approached the cell door and repeated the question. Torres then attempted to stab Gibson with a prison-made weapon. Gibson jumped back and suffered only a bruise as a result of Torres' assault. Torres later told officers that he assaulted Gibson because the previous shift of officers had not given him breakfast.

Torres first contends that by cutting off his questioning of the panel, the

2. U.S. Const. amend. XIV; Tex. Const. art. I, § 10.

trial court deprived him of the right to properly voir dire the jury so that he could intelligently exercise his peremptory strikes. He argues under this contention that his conviction should be reversed because the denial or impairment of the right to exercise peremptory challenges is reversible without a showing of prejudice or harm.[3]

He alternatively contends that if this Court finds this error to be subject to harmless error analysis, it cannot be determined beyond a reasonable doubt to have had no effect on the sentence he was assessed. We will address these two contentions together.

Torres bases his first contention on the fact that the trial court terminated his voir dire after he had questioned the jury panel for the allotted forty-five minutes.[4] Torres then made an offer of proof regarding each juror he desired to question, stating his proposed questions. Following Torres' offer of proof, the following colloquy occurred:

THE COURT: Mr. O'Neil [Torres' counsel], for the record, you've been furnished a good deal of information about the jurors on the juror information sheet. I advised both of you before we started that you would each have forty-five minutes to voir dire the jury. I have given you in excess of forty-five minutes to voir dire the jury, and I think that you've had ample time to cover all these things. So I'm going to deny your requests.

What I'm going to do, I'm going to excuse number fourteen and number thirty-five.

MR. O'NEILL: Just for the record, Your Honor, the judge did tell me I had

forty-five minutes. I stated that I would probably need sixty, and my reason is because this is an inmate case and they're a little more difficult. Thank you, Judge.

■ A defendant's constitutional right to counsel requires that counsel be permitted to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Howard v. State,* 941 S.W.2d 102, 108 (Tex.Crim.App.1996). Ordinarily, the trial court should give a defendant great latitude in questioning the jury panel during voir dire. *Splawn v. State,* 949 S.W.2d 867, 871 (Tex.App.-Dallas 1997, no pet.). However, the trial court may impose reasonable restrictions on the exercise of voir dire examination for various reasons, including to curb prolixity. *Guerra v. State,* 771 S.W.2d 453, 467 (Tex. Crim.App.1988); *Splawn,* 949 S.W.2d at 871; *see Ratliff v. State,* 690 S.W.2d 597, 599 (Tex.Crim.App.1985).

■ The conduct of voir dire rests within the discretion of the trial court, and only the abuse of such discretion requires reversal on appeal. *Powell v. State,* 897 S.W.2d 307, 311 (Tex.Crim.App.1994); *Clark v. State,* 608 S.W.2d 667, 669–70 (Tex.Crim.App. [Panel Op.] 1980). In reviewing a contention that the trial court abused its discretion in the time limitation imposed, three factors are relevant: 1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire—for example, whether the questions were irrelevant, immaterial, or unnecessarily repetitious; 2) whether the questions the defendant was not permitted to ask were proper voir dire questions; and 3) whether a defendant was precluded from examining jurors who served on the jury. *Splawn,* 949 S.W.2d at 871. Each case

**3.** *See Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759, 771–72 (1965).

**4.** Prior to voir dire of the jury panel, both the defense and the State were provided with jury questionnaires which had been completed by the jurors and were notified that each side would have forty-five minutes to question the panel.

must be examined on its own facts, and a reasonable time limitation for one case may not be reasonable for another. *Id.* at 871–72.

In this case, there is some indication that counsel did attempt to prolong the voir dire. Some of the questions asked were neither relevant nor material, e.g., asking some of the panel members what they thought the case was about. Also, counsel used much of his time making speeches—e.g., about "the rights of jurors"—that would have been better used asking the questions he now complains he did not have time to ask.

■ The questions counsel was precluded from asking were clearly proper questions. We also recognize, however, that counsel has a duty to appropriately budget his time for voir dire within the limits set by the court. *Whitaker v. State,* 653 S.W.2d 781, 781 (Tex.Crim.App.1983); *Thacker v. State,* 889 S.W.2d 380, 390–91 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). The course of events set out above reflects that if counsel had better budgeted his time, he could have completed the questions that he sought additional time to cover at the end of voir dire.

The further question is whether counsel was precluded from examining jurors who actually served on the jury. Counsel complained about being unable to question eight jurors. Only one, Jack Elrod, actually served on the jury. The record reflects that counsel individually questioned Elrod two separate times. Based upon these factors, we cannot conclude that the trial court abused its discretion by placing the time restriction upon voir dire. Error has not been shown.

■ Even if error were shown, error on voir dire is subject to harm analysis. *Gonzales v. State,* 994 S.W.2d 170 (Tex.

5. TEX. PEN.CODE ANN. § 22.01(b)(1).

Crim.App.1999). Because of the facts set out above, we conclude that even if error existed in this case, harm has not been shown.

■ Torres next contends the trial court erred by overruling his objection to final argument by the State. In the complained-of argument, after discussing the evidence that Torres had attacked the jailer, and the acts that occurred after the attack, the prosecutor stated, "I'll tell you what you've got. You've got a set of facts, plain and simple, and then you've got a lawyer's argument that you ought to disregard the very truth that you have seen and heard in this courtroom." Torres' counsel had previously attempted to justify Torres' attack on the jailer by arguing that Torres had not been fed and, thus, the jailer was not a public servant "lawfully discharging an official duty." [5] Torres contends on appeal that this argument was an improper attack on the defendant over the shoulders of counsel.

The Texas Court of Criminal Appeals has repeatedly held that it is improper for a prosecutor to direct accusations of improper conduct at a defendant's attorney. *Wilson v. State,* 938 S.W.2d 57 (Tex.Crim. App.1996); *Hughes v. State,* 878 S.W.2d 142, 159 (Tex.Crim.App.1992).

■ Prosecutorial jury argument is permissible if it falls within one of the following categories: (1) summation of the evidence; (2) reasonable deduction drawn from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Shannon v. State,* 942 S.W.2d 591, 597 (Tex.Crim.App.1996).

Our review of the above-quoted language and the context in which it is set does not support Torres' argument. The prosecutor did not accuse defense counsel of lying, nor did he accuse counsel of en-

gaging in any form of improper conduct. The argument does nothing more than take the position that defense counsel's argument was unsupportable in light of the evidence. As such, it was an answer to argument of opposing counsel. In such a situation, we do not find that the trial court erred by overruling the objection to the argument. This contention of error is overruled.

Torres next contends the trial court committed error in failing to define reasonable doubt in its charge to the jury on punishment. At the punishment phase of the trial, the State offered proof of two prior felony convictions as alleged in the enhancement paragraph of the indictment. Although the punishment charge instructed the jury to determine whether the punishment enhancement allegations are true beyond a reasonable doubt and the trial judge, in summarizing the verdict forms for the jury,[6] also stated that they had the duty to determine whether these allegations are true beyond a reasonable doubt, the charge itself did not define the term reasonable doubt.

Torres argues that the failure of the punishment charge to define reasonable doubt is automatic reversible error, citing *Martinez v. State*, 969 S.W.2d 139, 141 (Tex.App.-Fort Worth 1998, pet. granted). The State, however, argues that Torres failed to preserve his complaint for appellate review because he neither requested a charge including such a definition, nor objected to its absence.

We addressed this issue in *Powers v. State*, 985 S.W.2d 596 (Tex.App.-Texarkana 1999, pet. ref'd). We distinguished the *Martinez* case, noting that Martinez pled guilty to the charged offense and there had been no guilt/innocence phase by which the jury could become familiar with the definition of reasonable doubt, whereas in the *Powers case*, Powers had a full jury trial on the issue of guilt/innocence and, therefore, the jury had been instructed at that stage as to reasonable doubt. We therefore concluded that where the trial court failed to charge the jury at the punishment stage as to the burden of proof (reasonable doubt) required for consideration of extraneous offense evidence and where the defendant did not request such an instruction, automatic reversal was not required.[7]

In both the *Powers* and *McQueen* cases, we held that the trial court's error was governed not by the harmless error standard of Tex.R.App. P. 44.2(a) as was used in *Huizar v. State*, 966 S.W.2d 702, 709 (Tex. App.-San Antonio 1998, pet. granted), but by the egregious harm standard set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g). Relying upon *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App.1996), we held that the trial court is required to give an instruction on reasonable doubt in the punishment phase only if the defendant requests the instruction.[8] We reasoned that the Texas Court of Criminal Appeals would have specifically addressed the matter in the *Mitchell* case if it had wanted to impose a duty upon trial courts to include the instruction sua sponte.

In the instant case, the record reflects that Torres neither requested a special instruction on the definition of reasonable doubt in the court's charge on punishment, nor objected to the absence of such an instruction. Therefore, under the *Almanza* standard, he waived error. When an appellant does not preserve jury

---

**6.** After reading aloud to the jury the court's charge on punishment, the trial judge then proceeded to "summarize" the verdict forms for the jury without objection.

**7.** *See also McQueen v. State*, 984 S.W.2d 712 (Tex.App.-Texarkana 1998, no pet.).

**8.** *See also Cormier v. State*, 955 S.W.2d 161, 163 (Tex.App.-Austin 1997, no pet.).

charge error by either objecting to the charge or requesting a charge, he must then prove fundamental error by showing egregious harm, i.e., error so egregious and creating such harm that he did not receive a fair and impartial trial. *Almanza*, 686 S.W.2d at 171. To determine whether egregious harm occurred, we review the entirety of the record.

Applying these standards, we cannot say that the failure of the trial court to include the definition of reasonable doubt in the punishment charge denied Torres a fair and impartial trial. The court's charge at the guilt/innocence phase did define reasonable doubt as required by *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991). Further, the trial court instructed the jury that it was their duty to determine whether the enhancement allegations were true beyond a reasonable doubt. Here, the punishment phase of the trial immediately followed the guilt/innocence phase. There is no reason to believe the jury did not remember the definition of reasonable doubt since it had so recently applied it in the guilt/innocence phase of the trial.

Accordingly, we find that Torres has failed to demonstrate egregious harm. If the trial court did err in failing to include the definition of reasonable doubt in its punishment charge, Torres has not met his burden of showing that the error deprived him of a fair and impartial trial so as to require reversal. His fourth point of error is overruled.

The judgment is affirmed.