**Marshall Galindo MARTINEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 1255–98.**

Court of Criminal Appeals of Texas.

Oct. 27, 1999.

Carl Barnhart, Fort Worth, for appellant.

Edward D. Lewallen, Assist. DA, Weatherford, Betty Marshall, Assist. State's Atty., Austin, Matthew Paul, State's Atty., Austin, for the State.

The opinion was delivered PER CURIAM.

█ Appellant pled guilty to possession of more than five pounds but less than fifty pounds of marijuana. He elected to have a jury assess punishment, and he pled "not true" to the enhancement paragraph alleged in the indictment. The punishment charge instructed the jury that it must determine whether the enhancement allegation was true beyond a reasonable doubt, but the charge did not define "reasonable doubt" and appellant did not request a definition. The jury found the enhancement allegation true and assessed punishment at confinement for fifteen years and a $10,000 fine. In his sole point of error, appellant complained to the Court

of Appeals of the absence of a reasonable doubt definition in the punishment charge. The Court of Appeals reversed, holding that the failure to define reasonable doubt in the punishment charge was error under *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim. App.1991) and that, in accordance with *Reyes v. State*, 938 S.W.2d 718 (Tex.Crim. App.1996), reversal of the conviction was automatically required. *Martinez v. State*, 969 S.W.2d 139, 140–141 (Tex.App.—Fort Worth 1998).

█ Recently, we held that A[n]either *Geesa* nor art. 37.07 can be read to require that a reasonable-doubt instruction be given at the punishment phase, absent a request." *Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App.1999). We find that *Fields* dictates the outcome of this case. The judgment of the Court of Appeals is reversed, and the trial court's judgment is affirmed.

MANSFIELD, J. filed a concurring opinion. PRICE, J. filed a concurring opinion. JOHNSON, J. filed a concurring opinion.

MANSFIELD, J., delivered the concurring opinion.

I join the opinion of the Court with the understanding we are not overruling, *sub silentio, Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). Furthermore, it is my opinion *Geesa* does not apply to the punishment phase of trial; therefore, no instruction as to reasonable doubt need be given during the punishment phase unless timely requested by the defendant.

With these comments, I join the opinion of the Court.

PRICE, J., delivered a concurring opinion.

I agree with the majority opinion, in that I do not believe the definition of reasonable doubt is required at punishment. However, because a jury is as likely to be confused with the meaning of "reasonable

doubt" in the punishment setting as it is during the guilt/innocence phase of trial, it is the better policy for a trial court to instruct the jurors on the definition of "reasonable doubt" at punishment C especially where a definition is not provided during the guilt/innocence stage of trial. Such a scenario occurred in the cause before us, where appellant pled guilty but elected to have the jury assess punishment.

The charge at punishment cannot be the entire *Geesa* definition, however. It would be inappropriate for a charge to stress the presumption of innocence, as the *Geesa* definition does, during a punishment hearing where guilt has already been found. Thus, I would proffer the following definition as appropriate for the punishment phase:

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

This instruction would aid the jury in determining the meaning of the oft-confusing terms "beyond a reasonable doubt" and ensure that the jury correctly applies the legal standard to a defendant's punishment hearing.

With these comments, I concur in the result only of the majority opinion.

JOHNSON, J., filed a concurring opinion.

I concur only in the judgment. After pleading guilty to possession of marijuana and pleading not true to the enhancement paragraph in the indictment, appellant elected to have his punishment tried to a jury. Pursuant to TEX. PEN.CODE § 12.42(a)(3), the enhancement paragraph, if found to be true, raised Appellant's possible punishment range from a third degree felony to a second degree felony. The jury found the enhancement allegation to be true and sentenced appellant to 15 years confinement and a $10,000 fine.

The jury charge instructed the jury to determine whether the enhancement allegation was true beyond a reasonable doubt. However, the charge did not contain a definition of reasonable doubt. The Fort Worth Court of Appeals found that such an instruction was required by our decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), and pursuant to our decision in *Reyes v. State*, 938 S.W.2d 718 (Tex.Crim.App.1996), reversed and remanded for a new trial. *Martinez v. State*, 969 S.W.2d 139, 139–141 (Tex.App.—Fort Worth 1998).

We granted the District Attorney's petition on the following grounds: (1) Does a defendant who does not request an instruction on the definition of "reasonable doubt" at punishment waive any error on appeal? (2) Must a trial court instruct the jury on the definition of "reasonable doubt" at punishment even in the absence of a request for such an instruction? (3) Is a failure to instruct the jury on the definition of "reasonable doubt" at punishment charging error subject to a harm analysis under *Almanza* and TEX.CODE CRIM. PROC. art. 36.19? We granted the State Prosecuting Attorney's petition on the following ground: When instructing a jury to determine if an enhancement allegation is true beyond a reasonable doubt, does a trial court commit automatic reversible error if it fails to *sua sponte* define "reasonable doubt?"

The majority finds that our recent decision in *Fields*, 1 S.W.3d 687, (Tex.Crim. App.1999), "dictates the outcome of this case." *Ante*, at 759. However, *Fields* deals with whether a definition of "reasonable doubt" at the punishment phase is required *sua sponte*, when the trial court

instructs the jury, pursuant to Tex.Code Crim. Proc. art. 37.07, § 3(a) & (b), that any extraneous offense must be proven beyond a reasonable doubt before it could be considered. *Fields,* 1 S.W.3d at 688. In contrast, the instant case deals with whether a definition of "reasonable doubt" at the punishment phase is required *sua sponte,* when the jury is instructed to determine, pursuant to Tex. Pen.Code 12.42,[1] whether the enhancement allegations are true beyond a reasonable doubt. Thus, while *Fields* can give us some guidance in the instant case, it cannot be said to "dictate" the outcome in this decision.

As we stated in *Fields,*

> The definition of reasonable doubt set out in *Geesa* applies specifically to the guilt-innocence phase of a trial; although the rules are not of constitutional dimension *per se* ... [they] serve to implement the constitutional requirement that a criminal conviction cannot stand except upon proof beyond a reasonable doubt.

*Fields,* 1 S.W.3d at 688 (citing *Geesa,* 820 S.W.2d at 163 & *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)) (internal quotation marks omitted). In contrast, for enhancement purposes at the punishment stage, the prosecution is not required to prove the defendant guilty of each element of the prior convictions alleged; that has already done at the previous trials for those offenses. Rather, the prosecution is required to prove beyond a reasonable doubt that the defendant on trial is the same defendant named in each of the alleged felony convictions and, if applicable, that the order of the alleged prior offenses comports with statutory requirements. The burden does not pertain to proving the offense at trial, but rather to establishing the state's authority to increase the punishment. Enhancement of punishment is based on statute, rather than on a constitutional mandate. Be-

cause it is intended to "serve to implement the constitutional requirement," *Geesa* is limited to the guilt-innocence phase. It is inapplicable to the punishment phase of trial as to any prior convictions which are offered for enhancement. Therefore, a reasonable-doubt instruction at that phase of trial is not required *sua sponte.* Therefore, the District Attorney's second ground for review and the State Prosecuting Attorney's ground for review should be sustained.

Based on the foregoing, I concur only in the judgment reversing the Court of Appeals.

---

1. *See also Ex parte Augusta,* 639 S.W.2d 481 (Tex.Crim.App.1982), *overruled on other* grounds, *Bell v. State,* 994 S.W.2d 173 (Tex. Crim.App.1999).