NUMBER 13-00-097-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


EUSEBIO RODRIGUEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

__________________________________________________________________


On appeal from the 377th District Court


of Victoria County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



Eusebio Rodriguez, appellant, was found guilty of aggravated
assault with a deadly weapon,(1) enhanced with a prior felony, and
sentenced to fifty years confinement, and a $5,000 fine. By two issues,
appellant contends there is insufficient evidence to support his
conviction and that the punishment assessed amounts to cruel and
unusual punishment. We affirm. 

Juan Gonzalez attended a small party at the home of Manuel
Camacho, appellant's cousin. Gonzalez had never met any of the
people at the party except for his girlfriend, who had invited him to the
party. During the party, an altercation took place and appellant was
stabbed. According to Gonzalez, appellant arrived at the party followed
by Erasmo Rodriguez, appellant's brother, who stated, "Let's 'F' up
anybody that was not family." Gonzalez was the only one who was not
family. Erasmo walked up to Gonzalez, took a swing at him, and
knocked him to the ground. The two wrestled on the ground, and
Gonzalez rolled on top of Erasmo. At that point, Gonzalez felt a
numbness in his left side. Gonzalez got up and saw appellant swinging
a knife around. Gonzalez realized he had been stabbed in the side and
had been cut a few times on his elbows and hand. Though he never
saw appellant stab him, he did see him cut him. 

Gonzalez fled the scene and eventually arrived at the hospital. 
While at the hospital, Gonzalez gave a statement to Detective Tom
Copeland of the Victoria Police Department wherein he named
"Pumpkin" as the person who had stabbed him. At the time, Gonzalez
knew appellant only as "Pumpkin." Detective Copeland showed
Gonzalez pictures of appellant and Erasmo, and asked him if either of
the persons in the photographs had stabbed him. Gonzalez signed the
photograph of appellant as the person who stabbed him. During trial,
Gonzalez identified appellant as the person who cut and stabbed him. 
 

Camacho gave a written statement to Detective Copeland. At trial,
Camacho claimed Detective Copeland fabricated most of the statement. 
According to the statement, appellant had a knife in his hand and
started hitting Gonzalez. Camacho testified at trial, however, that
appellant was not at the party and that he never saw a knife. 

Detective Copeland testified that he investigated the scene and
took statements from a number of individuals. He stated Gonzalez
identified appellant as the person who stabbed him. Detective
Copeland further testified that he did not fabricate Camacho's
statement. 

Dr. Bruce McDaniel treated Gonzalez when he arrived at the
hospital. According to Dr. McDaniel, Gonzalez said he was stabbed by
an unknown assailant. In response to this testimony, Gonzalez stated
that at the time he did not know appellant's name. Finally, appellant
took the stand in his defense and denied having been at the party and
denied stabbing Gonzalez. The jury found appellant guilty of
aggravated assault, and this appeal ensued. 

In his first issue, appellant asserts the evidence is insufficient to
support the jury's verdict. In the absence of specificity, we will
presume appellant's challenge is to both the legal and factual
sufficiency of the evidence.

We conduct a legal sufficiency review by examining the evidence
in a light most favorable to the verdict to determine whether any
rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt.(2) Jackson v. Virginia, 443 U.S. 307, 319
(1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The
jury is the sole trier of fact, and may judge the credibility of the
witnesses, reconcile conflicts in the testimony, and accept or reject any
or all of the evidence on either side. Chambers v. State, 805 S.W.2d
459, 461 (Tex. Crim. App. 1991). If the evidence establishes guilt
beyond a reasonable doubt, and the trier of fact believes that evidence,
the appellate court does not reverse the judgment on legal sufficiency
grounds. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). In reviewing the factual sufficiency of the evidence, we view all
the evidence and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and
unjust. Johnson, 23 S.W.3d at 11; Clewis v. State, 922 S.W.2d 126,
131 (Tex. Crim. App.1996). We apply the factual sufficiency test to the
facts without the prism of "in the light most favorable to the verdict." 
Clewis, 922 S.W.2d at 135. The review must be appropriately
deferential so as to avoid substituting this Court's judgment for that of
the jury. Cain, 958 S.W.2d at 407. 

A person commits aggravated assault if the person intentionally,
knowingly, or recklessly causes serious bodily injury to another or the
person uses or exhibits a deadly weapon during the commission of the
assault. Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a) (Vernon 1994).

In his challenge to the sufficiency of the evidence, appellant claims
Gonzalez's testimony was not entirely consistent. Appellant notes
Gonzalez did not give law enforcement officials appellant's name as the
person who stabbed him. His statement says he was stabbed by
Pumpkin, and does not name appellant. However, Gonzalez explained
he did not know appellant's name at the time, and only knew him as
"Pumpkin." 

Appellant points out that Gonzalez did not tell sheriff's deputies
that appellant or "Pumpkin" had stabbed him, but just that two guys
had cut and stabbed him. He was not sure how many officers he told
that to. On redirect examination, Gonzalez testified that two people
attacked him; somebody hit him and somebody stabbed him. He was
bleeding and was a little excited when he went to the sheriff's
department. 

Appellant also contends the evidence is insufficient for the
following reasons: Gonzalez's testimony was contradictory as to
whether he actually saw appellant cut him or whether he saw appellant
with the knife at the time of the incident; an individual named Melissa
Cordova tried to tell police she stabbed Gonzalez; officers apparently
found no fingerprints, hairs, or fibers tying appellant to the crime; and
Gonzalez did not describe to the officers the clothing Erasmo and
appellant were wearing. 

Gonzalez identified appellant as the person who stabbed him at
trial. He testified he saw appellant with a knife in his hand. Detective
Copeland testified a knife can be used as a deadly weapon. The jury is
the sole judge of the weight and credibility of the witnesses, and it may
accept or reject any or all of the testimony of any witness. Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). We conclude a
rational fact finder could have found the essential elements of the crime
beyond a reasonable doubt. Furthermore, the verdict is not so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
unjust. There is legal and factually sufficient evidence. Appellant's first
issue is overruled.By his second issue, appellant contends his sentence of fifty years
confinement is cruel and unusual punishment under the United States
Constitution and the Texas Constitution. Appellant states that his
argument of cruel and unusual punishment is predicated on the court's
severe punishment in light of the insufficient evidence presented by the
State. We have concluded there was sufficient evidence to support the
verdict. Moreover, the punishment assessed here was within the
statutory range of punishment. The jury found appellant guilty of
aggravated assault, and the offense was elevated to a first degree felony
based on a prior felony conviction. See Tex. Pen. Code. Ann. § 12.42 (b)
(Vernon Supp. 2001). The range of punishment for a first degree felony
is life or five to ninety-nine years in prison, with a maximum fine of
$10,000. See Tex. Pen. Code Ann. § 12.32 (Vernon 1994). Appellant
was sentenced to fifty years confinement, well within the statutory
range of punishment. Generally, punishment within the statutory of
punishment is not cruel and unusual punishment. McNew v. State,
608 S.W.2d 166, 174 (Tex. Crim. App. 1978); Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d
611, 614 (Tex. Crim. App. 1972). Appellant's second issue is overruled. 



The judgment of the trial court is AFFIRMED.


 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 8th day of March, 2001.

 

1. [1]Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a) (Vernon 1994).
2. Appellant urges that his conviction cannot be sustained if the
circumstantial evidence does not exclude every reasonable hypothesis
except that of his guilt. This standard has long been rejected in favor
of the Jackson v. Virginia standard of review. Geesa v. State, 820
S.W.2d 154, 159 n. 6 (Tex. Crim. App. 1991), overruled on other
grounds by Reyes v. State, 938 S.W.2d 718, 719 (Tex. Crim. App.
1996).