Mark Anthony **TONEY**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–94–01014–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 27, 1997.

Kurt B. Wentz, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Mark Anthony Toney appeals his conviction by a jury for delivery of cocaine, less than 28 grams. The trial court assessed his punishment at forty years imprisonment, enhanced by two prior felony convictions. In four points of error, appellant contends: (1) the trial court abused its discretion in refusing to allow his mother to testify at the guilt/innocence stage because she violated TEX.R.CRIM.EVID. 613 ("The Rule"); (2) appellant was denied effective assistance of counsel; (3) the trial court erred in allowing improper jury argument by the prosecutor; (4) the trial court erred in failing to include an instruction on "reasonable doubt" in the court's charge at the guilt/innocence phase of appellant's trial. Points of error one, two, and three are dismissed as moot in light of our disposition of this case under point of error four, which is sustained. We reverse and remand.

A fact summation is not necessary to the disposition of this appeal. The trial judge failed to instruct the jury on reasonable doubt at the guilt/innocence phase of the trial. Appellant contends he is entitled to a new trial under *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991). In *Reyes v. State*, 938 S.W.2d 718 (Tex.Crim.App.1996), *reh'g denied* (net yet published), the court of criminal appeals held:

> [W]e hold *Geesa* created an absolute systemic requirement that an instruction on reasonable doubt be submitted to the jury in all cases where the burden of proof requires the jury to find guilt beyond a reasonable doubt and the failure to submit such an instruction is automatic reversible error.

*Id.*, 938 S.W.2d at 721.

The *Reyes* court stated that the reasonable doubt instruction "shall be submitted to the jury in all criminal cases, even in the absence of an objection or request by the State or the defendant, whether the evidence be circumstantial or direct." *Id.*, at 721.

The full text of the instruction on "reasonable doubt" that is required by *Geesa* to be submitted to the jury in all criminal cases is:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
>
> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.
>
> It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.
>
> A "reasonable doubt" is a doubt is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.
>
> Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.
>
> In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty". [emphasis added].

*Geesa*, 820 S.W.2d at 162.

In this case, the trial judge omitted the required definitional jury instruction on "rea-

sonable doubt", emphasized above, requiring automatic reversal without harm analysis. *Reyes,* at 721. Appellant's points of error one, two, and three are dismissed as moot and point of error four is sustained. The judgment of the trial court is reversed and this case is remanded to the trial court for new trial.