In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-090 CR


____________________



FRED MARSHALL DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 8260






OPINION


 A jury found Fred Marshall Davis guilty of the second degree felony offense of
possession of a controlled substance of four grams or more but less than 200 grams. See
Tex. Health & Safety Code Ann. § 481.115(a),(d) (Vernon Supp. 2001). After
finding Davis to be a repeat offender, the trial court assessed punishment at thirty years
of confinement in the Texas Department of Criminal Justice, Institutional Division. 

 Appellate counsel filed a brief in compliance with Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978). The brief concludes no error which would arguably support an appeal
is presented, a conclusion with which we concur. On June 7, 2001, Davis was given an
extension of time in which to file a pro se brief if he so desired. Davis filed a pro se brief
that raises five points of error.

 Davis first complains of the omission from the jury charge of a definition of the
"beyond a reasonable doubt" standard formerly mandated by Geesa v. State, 820 S.W.2d
154, 162 (Tex. Crim. App. 1991). The issue was not raised at trial. Failure to include
the definition in the charge used to cause reversible error even absent an objection or
request at trial. Reyes v. State, 938 S.W.2d 718, 720-21 (Tex. Crim. App. 1996). The
point is not arguable because Geesa and Reyes were overruled on this exact point in
Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Davis's argument that
former law controls fails because Paulson applies retroactively. See Arroyo v. State, 32
S.W.3d 868 (Tex. Crim. App. 2000). Point of error one is overruled.

 Davis's next two points of error contend that State's Exhibit No. 1, a videotape
recording that includes his consent to a search of the vehicle, lacks the needed indicia of
reliability to be admitted into evidence as proof of consent and that the exclusionary rule
required the suppression of the evidence seized without effective consent. A defense
expert testified that, seven months after State's Exhibit No. 1 was recorded, he conducted
tests on the recording device installed in the arresting officer's vehicle, and concluded that
State's Exhibit No. 1 was not recorded on that recording device. Trooper Franklin
testified that the recording device was replaced the week after this offense. He had
previously testified that State's Exhibit No. 1 was made by the recording equipment in his
vehicle on the day of the offense. The authentication requirement is satisfied by evidence
from a witness with knowledge that the matter in question is what its proponent claims. 
Tex. R. Evid. 901. We review the trial court's ruling on an abuse of discretion standard. 
Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). In this case, Trooper
Franklin established how the videotape was made and that it was accurate. Davis's
testimony that the videotape did not accurately depict his encounter with Trooper Franklin,
most notably at the point where Trooper Franklin asked Davis to step to an area out of
sight of the camera, went to the weight of the evidence rather than to its admissibility. 

 Davis argues that the cocaine should have been suppressed because the videotape
recording of his consent to search was inadmissible. Well before the State offered the
videotape into evidence, Trooper Franklin had testified without objection that Davis orally
consented to the search. Thus, evidence of consent to search was before the jury even if
the videotape had been excluded. A consent to search may be oral. Montoya v. State, 744
S.W.2d 15, 25 (Tex. Crim. App. 1987), overruled on other grounds by Cockrell v. State,
933 S.W.2d 73 (Tex. Crim. App. 1996). Although the issue of voluntariness of consent
involves a mixed question of law and fact, conflicting testimony regarding whether consent
has in fact been given turns on credibility and is resolved by the fact-finder, not by the
appellate court. See Cerda v. State, 10 S.W.3d 748, 752 (Tex. App.--Corpus Christi
2000, no pet.). Points of error two and three are overruled. 

 The final two points of error claim prosecutorial misconduct arising from the State's
failure to produce the videocassette recorder actually used to record State's Exhibit No.
1. Davis's claim of prosecutorial misconduct was not raised at trial. The defense
apparently learned that the equipment had been replaced when Officer Franklin testified. 
Obviously, the defendant cannot be expected to file a pre-trial motion regarding a matter
of which he has no notice. In this case, however, the issue of prosecutorial misconduct
could have been preserved with a motion for new trial, but was not. Tex. R. App. P. 33.1;
see Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). Points of error four
and five are overruled. 

 Having overruled all of appellant's points of error and after reviewing the record
and finding no arguable points of error, we affirm the conviction.

 AFFIRMED.

 

 PER CURIAM


Submitted on January 4, 2002

Opinion Delivered January 30, 2002

Do Not Publish 

Before Walker, C.J., Burgess and Gaultney, JJ.