TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00555-CR






David Galvan, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 3012982, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant David Galvan guilty of intentionally causing bodily injury to
a child. Tex. Pen. Code Ann. § 22.04(a)(3) (West 2003). The jury assessed punishment, enhanced
by previous felony convictions, at imprisonment for seventy-two years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969). 

Appellant also filed a pro se brief. In it, he contends the trial court erred by failing
to instruct the jury on the meaning of reasonable doubt as mandated in Geesa v. State, 820 S.W.2d
154, 161-62 (Tex. Crim. App. 1991). The court of criminal appeals overruled this portion of the
Geesa opinion in Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). The Paulson
opinion also overruled Reyes v. State, 938 S.W.2d 718, 721 (Tex. Crim. App. 1996), in which it was
held that the failure to give the Geesa instruction was automatic reversible error. Appellant was tried
after Paulson was announced. Appellant's sole pro se point of error is without merit.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.



 

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 11, 2003

Do Not Publish