Affirmed; Opinion of July 13, 2004, Withdrawn; and Substituted Majority
and Concurring Opinions filed November 2, 2004









Affirmed; Opinion of July 13, 2004, Withdrawn; and Substituted
Majority and Concurring Opinions filed November 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00893-CR

_______________

 

RAMON OBDULIO DOMINGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 178th District Court

Harris County, Texas

Trial
Court Cause No. 932,863



 



 

S U B S T I T U T E D  
M A J O R I T Y   O P I N I O N

 

Ramon Obdulio Dominguez appeals a conviction for
murder[1]
on the grounds that the trial court committed reversible error by: (1)
permitting the State to pose inflammatory and argumentative questions; and (2)
providing a definition of Abeyond a
reasonable doubt@ in the
jury charge.  We affirm.








Appellant=s first
issue argues that it was reversible error to allow the State to pose the
following two questions on direct examination of the complainant=s
daughter because they were inflammatory and argumentative in using the word Amurder@ when
appellant had admitted to killing the complainant and the only issue at trial
was appellant=s intent:

THE STATE:              Prior
to your mother being murdered B

DEFENSE COUNSEL:         Objection,
Your Honor.  May the jury be instructed
to disregard that last B

THE COURT:                        What?

DEFENSE COUNSEL: 
       B the last statement, Your
Honor?

THE COURT:                        Denied.

THE STATE:  
                       Before your
mother was murder[ed], did you and Roscoe live with her?

WITNESS:      
                      Yes.

*          *          *          *

THE STATE:  
                       Okay.  And is that when you found out your mother
had been murdered?

WITNESS:      
                      Yes.

DEFENSE COUNSEL:         Your
Honor, I=m going to object.  That=s an issue that the jury
has to decide, Your Honor.

THE COURT:                        Overruled.

WITNESS:                             Yes.








In order to preserve an issue for appeal, an
objection at trial must: (1) be specific as to its grounds (unless they are
apparent from the context);[2]
(2) comport with the complaint on appeal;[3]
and (3) be re-urged each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App. 1999).  Appellant=s first
objection above did not state any ground whatever (but instead proceeded
directly to requesting an instruction to disregard).  Even if it was apparent from the context that
the objection was to the question assuming a fact in issue, as the subsequent objection
specified, neither objection comports with appellant=s
complaint on appeal that the statement was argumentative and inflammatory. In
addition, the word Amurder@ was used
by the State without objection numerous times while cross-examining appellant,
questioning another witness, and in closing argument.  Therefore, appellant=s first
issue presents nothing for our review and is overruled.

Appellant=s second
issue contends that the trial court committed reversible error by including an
instruction defining Areasonable
doubt@ in the
jury charge: "A reasonable doubt is a doubt based on reason and common
sense after a careful and impartial consideration of all the evidence in the
case."[4]  The beyond a reasonable doubt standard is a
requirement of due process, but the United States Constitution neither
prohibits trial courts from defining reasonable doubt nor requires them to do
so.  Victor v. Nebraska,  511 U.S. 1, 5 (1994).  However, although no particular combination
of words must be used, a trial court must instruct a jury on the necessity that
guilt be proved beyond a reasonable doubt; and the instructions, taken as a
whole, must correctly convey the concept of reasonable doubt to the jury.  Id. 
An instruction will, thus, violate due process if it can reasonably be
understood to allow a conviction based on evidence that does not prove every
element of the charged offense beyond a reasonable doubt.  See id. at 5-6.








After over a hundred years of not requiring or
encouraging any jury instruction defining reasonable doubt, the Texas Court of
Criminal Appeals held in 1991 and 1996, respectively, that: (1) a prescribed AGeesa@
instruction, defining reasonable doubt, was not only permissible but mandatory;[5]
and (2) a failure to submit this instruction, whether or not requested, was
automatic reversible error, immune from harm analysis.[6]  See Paulson v. State, 28 S.W.3d 570,
571 (Tex. Crim. App. 2000).

In Paulson, the appellant complained of the
lack of a Geesa instruction, and the court of appeals reversed
his conviction.  Id. at
570-71.  The Court of Criminal Appeals
reversed that decision, essentially concluding that a Geesa instruction
was not only not required, it was prohibited unless both the State and
defendant agreed to submit it.  Id.
at 572.  The aspect of the Geeza
instruction that the Court found objectionable was its three attempts to define
reasonable doubt:

A reasonable doubt is a
doubt based on reason and common sense after a careful and impartial
consideration of all the evidence in the case.

It is the kind of doubt
that would make a reasonable person hesitate to act in the most important of
his own affairs.

Proof beyond a reasonable
doubt therefore must be proof of such a convincing character that you would be
willing to rely and act upon it without hesitation in the most important of
your own affairs.

 

Id. at 572.  The Court noted that
the first definition was merely useless, but that the use of the word, Ahesitation@ in the
second and third definitions was ambiguous, confusing, and logically flawed in
that considerations foreign to reasonable doubt could make a person hesitate to
act.  Id. at 572-73.  Therefore, as contrasted from a deficiency
whereby an instruction could allow a conviction based on less than proof beyond
a reasonable doubt, as addressed in Victor,[7]
the concern in Paulson was an instruction that could prevent conviction
despite proof beyond a reasonable doubt. 
See Paulson, 28 S.W.3d at 572. 
Paulson thus held, in effect, that a defendant is not entitled to
such an instruction.








Of the three definitions of reasonable doubt
contained in a Geeza instruction, only the first was included in the
instruction given in this case.  Although
Paulson clearly states that the Abetter
practice@ is to give no definition of
reasonable doubt to the jury, it did not address or rule out any such
definition differing from that in a Geesa instruction, such as the one
in this case.  See id.  Rather, Paulson expressly acknowledged
Victor=s holding
that reasonable doubt instructions are not constitutionally prohibited.  See id. at 573.[8]

In addition, the reasonable doubt definition given
in this case is clearly not one of the two on which the Paulson decision
turned.  See id. at 572-73.  Moreover, although the definition given in
this case is not helpful, according to Paulson, it does not contain
language that could allow conviction based on less than proof beyond a
reasonable doubt.  At most, Paulson
held that defendants are not entitled to such a definition, not that their
rights would be violated by including it.[9]  Accordingly, appellant=s second issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and
Substituted Majority and Concurring Opinions filed November 2, 2004.

 

Panel consists of Justices Fowler, Edelman, and Seymore.  (Fowler, J., concurring.)

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]           A jury
found appellant guilty and sentenced him to 55 years confinement.





[2]           Tex. R. App. P. 33.1(a)(1)(A).





[3]           Routier v. State, 112 S.W.3d 554, 586 (Tex. Crim. App. 2003), cert. denied, 124 S.Ct. 2157
(2004).





[4]           Although
appellant did not object to the inclusion of this instruction in the charge,
his brief does not attempt to demonstrate egregious harm, a finding of which
would be necessary to obtain reversal for 
unpreserved charge error.  See,
e.g., Herron v. State, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002).





[5]           See
Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).





[6]           See
Reyes v. State, 938 S.W.2d 718, 721 (Tex. Crim. App. 1996).





[7]           See
Victor, 511 U.S. at 5-6.





[8]           Victor
upheld two instructions defining reasonable doubt in terms of a Ahesitation to act@
standard.  See 511 U.S. at 20-21.





[9]           Because appellant=s second issue fails to demonstrate
charge error, it presents no issue
regarding egregious harm.