

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1643-12

### RICHARD LEE RABB, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### ROCKWALL COUNTY

**ALCALA, J., filed a dissenting opinion in which KELLER, P.J., joined.**

### DISSENTING  OPINION

Eating, swallowing, digesting, and eliminating: These are things every human being intimately understands based on common sense and a lifetime of daily personal experiences. In deference to the fact-finder's common sense, I would hold that the evidence is legally sufficient to support the conviction of Richard Lee Rabb, appellant, for tampering with physical evidence.  *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (evidence is sufficient when, viewing the evidence and all reasonable inferences in the light

most favorable to the verdict, a rational fact-finder could have found each element of the offense beyond a reasonable doubt). I conclude that a rational fact-finder could have determined that appellant ruined or rendered useless the pills and baggie by swallowing them, and, therefore, that he tampered with physical evidence by destroying it. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West 2011). In contrast, the majority opinion circumvents the fact-finder's decision, calling it irrational, and, in the process, resurrects the long-dead reasonable-alternative-hypothesis analysis, which permits an appellate court to find the evidence insufficient based on the existence of scenarios in which the fact-finder's verdict could theoretically be wrong. *See Geesa v. State*, 820 S.W.2d 154, 156, 159 (Tex. Crim. App. 1991) (rejecting reasonable hypothesis analytical construct for evaluating sufficiency of evidence). I would keep the nail in the coffin of the reasonable-alternative-hypothesis analytical construct, hold that the evidence is legally sufficient, sustain the State's first and second grounds in its petition for discretionary review, and reverse the judgment of the court of appeals. I, therefore, respectfully dissent.

**I. Evidence is Sufficient to Establish Tampering with Physical Evidence**

By relying on common sense and life experiences, the fact-finder was rational in determining that the pills and baggie were ruined or rendered useless by appellant's act of swallowing them. The fact-finder's determination was not irrational merely because of the existence of an alternative reasonable hypothesis that is inconsistent with appellant's guilt, and the State was not required to provide affirmative evidence to disprove that alternative

hypothesis. Because the fact-finder was rational in finding that the evidence was destroyed based upon the drawing of reasonable inferences, I would hold that the evidence is sufficient to establish appellant's guilt.

**A. The Baggie and Pills Were Rendered Useless for Their Intended Purpose**

The record reflects that appellant was at a Walmart with his brother, James, when James was detained by Walmart security officers on suspicion of shoplifting. After police officers arrived, appellant was also detained and questioned about whether he had taken any store merchandise without paying for it. Appellant denied having stolen anything and consented to a search. During the police officer's subsequent search of appellant, a Walmart security officer alerted the officer that appellant was holding something in his hand. The police officer reached up and attempted to take the object, a plastic baggie, out of appellant's hand, but before he could reach it, appellant placed it into his mouth and refused to spit it out. A struggle ensued as the officer attempted to force appellant to spit out the baggie, and, at some point during the struggle, appellant swallowed the baggie. A second officer eventually tasered appellant in order to subdue him, and appellant was placed under arrest. An ambulance was called to the scene to check appellant's vital signs, at which point appellant told a paramedic that the baggie contained prescription pills that had not been prescribed to him. The baggie and pills were never recovered.

Based on a lifetime of personal experience with the digestive process that follows consumption of food and pills, a rational trier of fact could have found that the pills and

baggie were destroyed by appellant's act of swallowing them, either because (1) they were digested in that process, or (2) they were expelled in an unsanitary condition in appellant's excrement after passing through his intestinal tract. Under either possible scenario, a rational fact-finder could have found, based on the drawing of reasonable inferences, that the pills were destroyed.

A person commits the offense of tampering with physical evidence if, "knowing that an investigation or official proceeding is pending or in progress, he . . . alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]" TEX. PENAL CODE § 37.09(a)(1). This Court has previously interpreted the meaning of the statutory term "destroys" in *Williams v. State*, in which it held that an item of evidence is destroyed when it is "ruined and rendered useless," or, stated differently, when it "has lost its identity and is no longer recognizable." 270 S.W.3d 140, 145-46 (Tex. Crim. App. 2008). In *Williams*, the defendant was convicted of tampering with physical evidence after a crack pipe fell to the ground during a police officer's pat-down search of him and he stomped on the pipe, breaking it into pieces. *Id*. at 141. On appeal, Williams argued that the evidence was insufficient to show that the crack pipe was destroyed because the crack pipe's remains, glass shards and a copper mesh filter, were admitted into evidence at trial and, therefore, retained some evidentiary value. *Id*. at 145. This Court disagreed. It explained that the plain meaning of the word "destroys" does not require proof of a lack of physical existence or a

loss of evidentiary value because "the remains of a destroyed object can still have evidentiary value." *Id*. at 146. Applying this interpretation in *Williams*, this Court explained that the crack pipe was destroyed within the meaning of the evidence-tampering statute because officers were "unable to retrieve every piece of the shattered crack pipe, and even if the recovered pieces could have been glued together in an attempt to reconstruct the evidence to its former physical state, it would be less than a complete crack pipe." *Id*. It went on to hold that the evidence was sufficient to show that the crack pipe was destroyed because the recovered pieces, glass shards and a copper mesh filter, "had lost their identity as a crack pipe and were not recognizable as a crack pipe." *Id*.

*Williams* decisively determined that, although the State must prove that a defendant acted with intent to impair the verity, legibility, or availability of evidence in an investigation, it need not prove that the altered, destroyed, or concealed item could not be used as evidence at a defendant's trial. *See id*.; TEX. PENAL CODE § 37.09(a)(1). Rather, under *Williams*, the relevant question is whether the evidence has been "ruined" or "rendered useless" for its intended purpose, or alternatively, whether it has "lost its identity" and is "no longer recognizable" as a result of the defendant's actions. *See Williams*, 270 S.W.3d at 146. Applying the reasoning of *Williams* to the facts of this case, I would hold that a rational fact-finder could have concluded that the pills and baggie were ruined or rendered useless, and thus destroyed, by appellant's act of swallowing them. *See id*. at 145-46; *see also* TEX. PENAL CODE § 37.09(a)(1). It is irrelevant whether the pills and baggie could possibly have

retained some evidentiary value if they had passed intact through appellant's intestinal tract and been recovered. Regardless of whether the pills and baggie were entirely or partially digested by appellant or were expelled by appellant with his excrement, the fact-finder was not irrational in determining that their condition after passing through his intestinal tract "would be less than" their "former physical state," and, therefore, ruined. *See Williams*, 270 S.W.3d at 146. I would hold that the fact-finder was rational in determining that the pills and baggie, whether digested or expelled, were rendered ruined or useless as to their intended purpose, and, therefore, were destroyed. *See id*.; TEX. PENAL CODE § 37.09(a)(1).[1]

**B. Existence of a Reasonable Alternative Does Not Make Evidence Insufficient**

The absence of direct evidence about what actually happened to the baggie and pills does not mean that the fact-finder engaged in impermissible speculation, as suggested by the court of appeals, because under any possible scenario, the fact-finder could rationally infer from the circumstances that the items were destroyed. *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007) (noting that, although fact-finder is not permitted to reach conclusions based on mere speculation, "direct evidence of the elements of the offense is not required"; fact-finder is "permitted to make reasonable inferences from the evidence

---

[1] I agree with appellant that the evidence in this case also establishes that he concealed and altered the pills and baggie, but I disagree that this necessarily means that they were not also destroyed. The same fact pattern can establish alteration, destruction and concealment of evidence. *See* TEX. PENAL CODE § 37.09(a)(1). As Judge Womack pointed out in his concurring opinion in *Williams*, when "something is destroyed, it may also be said to have been altered" because these terms "may not be mutually exclusive." *See Williams v. State*, 270 S.W.3d 140, 147 (Tex. Crim. App. 2008) (Womack, J., concurring).

presented at trial," and circumstantial evidence "is as probative as direct evidence" in establishing an actor's guilt).

In reaching its conclusion that the evidence is insufficient, the majority opinion reasons that, because some drug mules transport drugs in their intestines without those drugs being ruined, it was at least theoretically possible that the baggie and pills in this case were not ruined if they passed through appellant's intestinal tract and were expelled in his excrement. For two reasons, I disagree with this line of reasoning. First, the fact-finder could have rationally determined that appellant's consumption of the baggie and pills, under the circumstances, would lead to their destruction because appellant swallowed those objects suddenly and without having planned to do so. Although I acknowledge, as the majority opinion does, that some drug mules are able to transport balloons filled with heroin and cocaine inside their intestinal tracts without those drugs being destroyed, that particular method of transporting drugs requires preparation. Mules will generally transport heroin and cocaine by placing the drugs inside two or more condoms, with each condom layered inside the other, so that the outer condom exposed to excrement may be discarded while the inner condom containing the drugs remains sanitary. The properly packaged balloons can pass through the intestinal tract without the drugs being compromised because such items will not generally dissolve in intestinal fluids. The drugs contained within the inner condom remain useable and in a sanitary condition because only the outer condom is exposed to intestinal fluids and excrement. Even in those situations, which involve careful planning and design,

it is common knowledge that things can sometimes go wrong—for example, the balloons might rupture or become lodged in the intestinal tract.

In contrast, here, the fact-finder could have rationally inferred from the circumstances that appellant was not planning on swallowing the baggie and pills that day and that his impulsive act of swallowing those objects would cause them, unlike drugs packaged in multiply-layered condoms, to succumb to the corrosive effects of his intestinal fluids. And, even if the baggie and pills survived the intestinal tract, they would have passed in appellant's excrement, causing them to be ruined because they were unsanitary and unusable. Although the fact-finder could have reached a different conclusion had it weighed the facts differently, this Court must defer to the fact-finder's common sense with respect to the uselessness of pills that have passed through a person's intestinal tract. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789 (describing sufficiency-review standard as giving "full play to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (when record supports conflicting inferences, "we presume that the jury resolved the conflicts in favor of the verdict and therefore defer to that determination") (quoting *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792); *Hooper*, 214 S.W.3d at 15 (fact-finder should be permitted "to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial").

Second, I disagree with the majority opinion's focus on circumstances that might be

consistent with appellant's innocence, when it should instead focus on whether the fact-finder could rationally have found appellant guilty. The majority opinion reasons that, because some people can swallow items without those items being destroyed, such an outcome was at least theoretically possible in this case and, therefore, the existence of a circumstance that would be inconsistent with appellant's guilt renders the evidence insufficient. This type of reasoning marks the revival of the alternative-reasonable-hypothesis analytical construct, which required a reviewing court to find that every other reasonable hypothesis raised by the evidence was negated, save and except for that establishing the defendant's guilt, if a conviction was to be affirmed in a circumstantial-evidence case. *Reyes v. State*, 938 S.W.2d 718, 719 (Tex. Crim. App. 1996) (stating that prior to *Geesa v. State*, this Court "employed the 'reasonable-hypothesis-of-innocence' analytical construct to review the sufficiency of the evidence in circumstantial evidence cases") (citing *Geesa*, 820 S.W.2d at 158). But this Court long ago "abolished the reasonable-hypothesis construct for measuring the sufficiency of the evidence in a circumstantial evidence case[.]" *Taylor v. State*, 10 S.W.3d 673, 680 (Tex. Crim. App. 2000). "Courts and juries no longer face the difficult task of excluding every reasonable hypothesis other than the defendant's guilt." *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). And the State need not present evidence that conclusively excludes every conceivable alternative to a defendant's guilt. *See Wright v. West*, 505 U.S. 277, 296, 112 S. Ct. 2482, 2493 (1992) (prosecution has no affirmative duty to "rule out every hypothesis

except that of guilt") (quoting *Jackson*, 443 U.S. at 326); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) ("It is the State's burden to prove each element of the offense beyond a reasonable doubt, not to exclude every conceivable alternative to a defendant's guilt."). Even if it is true that some drug mules are able to transport drugs in their intestines in multiply-layered condoms without the drugs being destroyed, the existence of an alternative reasonable hypothesis does not mean that a fact-finder here would be irrational in determining that, where the pills were contained in a single plastic baggie and hurriedly swallowed by appellant in order to evade police detection, appellant's consumption of the baggie and pills destroyed the items, either through digestion or contact with excrement. I conclude that the fact-finder could have rationally determined, based on personal experience, that the baggie and pills either (1) succumbed to gastrointestinal fluids that dissolved and converted the contents into something else, or (2) passed through the intestinal tract and were expelled from the body through excrement, thereby ruining them and rendering them useless for their intended purpose.

## II. Conclusion

The majority opinion takes the unusually odd position of calling the fact-finder irrational for deciding that a baggie and pills that were either digested or exposed to excrement were "destroyed" within the meaning of the evidence-tampering statute. It is often said that this Court, in reviewing for sufficiency of the evidence, should not act as a thirteenth juror and should instead limit itself to guarding against the rare occurrence when

a fact-finder does not act rationally. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *see also United States v. Vargas-Ocampo*, 711 F.3d 508, 512 (5th Cir. 2013) (original op.) (stating that fact-finder's role is to perform "weighing of inferences"; appellate court reviewing for sufficiency must defer to fact-finder's reasonable rejection of "benign explanation" for incriminating inferences). Because I conclude that a rational fact-finder could have determined that the baggie and pills were rendered useless or ruined by appellant's act of swallowing them, I would hold that the evidence is legally sufficient to sustain appellant's conviction for tampering with physical evidence. I, therefore, respectfully dissent.

Filed: June 25, 2014

Publish